UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JABARI MANN,

                        Plaintiff,

    -against-                                                9:19-CV-0478 (LEK/TWD)

M. MARTINGANO,

                        Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

        Pro se plaintiff Jabari Mann brought this lawsuit under 42 U.S.C. § 1983 alleging that, while he was an inmate at Greene Correctional Facility, defendant Correction Officer Martingano slammed his head against a wall. Dkt. No. 1 ("Complaint"). Based on this event, Plaintiff sued Martingano under the Eighth Amendment for using excessive force against him and under state law for assault and battery. Id.

        Defendant moved for summary judgment under Federal Rule of Civil Procedure 56 arguing, in part, that Plaintiff failed to exhaust his administrative remedies and that Plaintiff's state law claims were barred by New York Correction Law § 24, which provides a state law remedy for claims against prison officials acting within the scope of their employment. Dkt. No. 14 ("Summary Judgment Motion"). Plaintiff opposed this motion, Dkt. No. 20 ("Opposition"), and Defendant filed a reply, Dkt. No. 21 ("Reply").

        Now before the Court is a Report-Recommendation filed by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, recommending that the Court grant Defendant's Motion. Dkt. No. 22 ("Report-Recommendation"). Judge Dancks recommended dismissing Plaintiff's Eighth Amendment claim with prejudice because the undisputed evidence

demonstrated that Plaintiff had failed to exhaust his administrative remedies and that this failure to exhaust was incurable since the limitations period had expired. Id. at 7–11. She also recommended declining to exercise supplemental jurisdiction over Plaintiff's state law claims or, alternatively, dismissing those claims without prejudice under New York Corrections Law § 24. Id. at 11–13.

The Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

Neither party filed objections to the Report-Recommendation. See Docket. Accordingly, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 22) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendant's Summary Judgment Motion (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Eighth Amendment excessive force claim is **DISMISSED with prejudice** and his state law claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    February 21, 2020
                Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge